Judge OwslEy
delivered the Opinion of the Court.
To an action for slanderous words brought by Wiley, the- general issue was pleaded, and after the evidence on the part of Wiley was through, the court being of opinion, the words proved to have been spoken by Campbell, were not actionable, instructed the jury to find as in case of a non-suit,
■ The words proved are. substantially the saíne qg those laid in the declaration, and are as follows: ‘iyou have been croped for felony.” The question made by the assignment of errors, is, was the court correct in deciding those words npt to be actionable?
We are incapable of perceiving any thing, either in the iinport of the words, or in the manner iq which they were expressed, that can render them not actionable. They clearly import a charge of felony against the plaintiff, and though it do.es not appear in what the felony consisted, the words must, according to adjudged cases, be hpld actionable,
Thus in the case of Morgan vs. Williams, 1 Strange, 142, the words were, “ Thou art a thief — of what? of every thing-,” and by the court adjudged actionable. So the words, “/ charge thee with felony,” have also been held actionable. Í Com. Dig. 263, E, 1; 1 Rob 72. The words, it is true, do not only contain a charge of felony, but they moreover show that for that felony, the plaintiff has been cropped. But the suggestion that the plaintiff was cropped, cannot do away the actionability of the words. In Berin vs. Hodes, 2 Wils. R. 300, the words “he was put into the round house for stealing ducks at Crow-land,” were held actionable. So in 1 Com. Dig. 250, D. 1. the words, “thou wert burnt in the hand for coining,” are said to be actionable. And it is said, by the same author, 263, E. 1. that the words, “he pys whipped for stealing,” are actionable.,
Goodloe and Breck, for plaintiff] Turner., for defendant.
The court must therefore, have erred in the ifu 'structions to the jury; and consequently the judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent, with this opinion.